MR. JUSTICE MORRISON,
dissenting:
I dissent to the remittitur.
Most of the majority opinion is excellent. However, I am befuddled by the treatment of the damage issue.
The majority opinion carefully notes there is no reversible error on any of the liability questions. Therefore, I assume that a new trial is being ordered on damages only unless respondents accept a reduction in the total verdict to the sum of $1,000,000. This point is not made clear.
Neither is it clear how the majority arrived at the figure of $1,000,000. The opinion carefully notes the egregious conduct of Safeco which is the one thing in this case that in fact shocks one’s conscience. We recently affirmed a verdict, in a far less egregious case. Flanigan v. Prudential Federal Savings and Loan (Mont. 1986), [221 Mont. 419,] 720 P.2d 257, 43 St.Rep. 942. Flanigan was a wrongful termination case where the jury returned a verdict in favor of plaintiff. She was awarded $94,170 in economic damages, $100,000 for emotional distress, and punitive damages in the amount of $1,300,000. In other words, the Flanigan case involved $194,170 in compensatory damage whereas this case involves an award of $225,000 in compensatory damages. In Flanigan we upheld punitive damages in the amount of $1,300,000. In this case we are reducing punitive damages to $775,000, some $525,000 less than we allowed in Flanigan.
*257 Without any question the conduct of Safeco in this case is more outrageous than the conduct of Prudential Federal Savings and Loan in the Flanigan case. Furthermore, the undisputed evidence is that, in 1983, the Safeco group had amassed assets of $3,414,715,000. Revenues were $1,702,159,000 for one year. Shareholders equity (net assets) was over $1,000,000,000. The jury verdict of $5,000,000 in punitive damages in this case is % of 1% of the defendant’s net worth.
The net worth of Prudential Federal Savings and Loan in the Flanigan case was $44,000,000. The 1.3 million dollar verdict is nearly 3% of Prudential’s net worth.
Since the purpose of punitive damages is to deter wrongful conduct and punish the tortfeasor the punitive damage award should bear some relationship to the net worth of the defendant. How the majority upholds 1.3 million dollars against a relatively small company, Prudential Savings and Loan, and reduces to $775,000 a punitive damage award against one of America’s large corporations, I do not understand.
When appellate judges attempt to circumvent the jury process and substitute their judgment for those who hear the evidence, they inevitably err. Up to this time there is little, if any, precedent supporting the Montana Supreme Court substituting its judgment for that of the jury. Unfortunately that strong support for the jury system has now been dynamited. The majority announces loud and clear that from this day forward, four justices, robed in judicial omniscience, will replace our jury. It is a sad day indeed.
MR. JUSTICE HUNT, concurs in the dissent of MR. JUSTICE MORRISON.